IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANET MILLER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil No.: 1:25-cv-00703-JRR |
| ALEJANDRO MAYORKAS, | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Reconsideration and to Strike Defendant's Motion to Dismiss (ECF No. 43, the "Motion") and Motion for Extension of Time (ECF No. 48). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Plaintiffs initiated this action on November 1, 2023, in the United States District Court for the District of Columbia. (ECF No. 1.) Nearly two years later, this matter remains in the 12(b)(6) phase. Both parties have sought and received numerous extensions of time. In the District of Columbia, Defendant requested and received approximately two months of extensions of the deadlines to respond to the Complaint and to file a reply in support of the Motions for Summary Judgment and to Dismiss. Plaintiffs requested and received three months of extension to file the response in opposition to Defendant's Motions for Summary Judgment and to Dismiss.

On February 20, 2025, Judge Dabney L. Friedrich of the United States District Court for the District of Columbia granted Defendant's Motion to Dismiss in part and ordered that the remaining claims be transferred to this court. (ECF No. 23.) After transfer to this court, Defendant moved twice to extend the deadline to respond to the Complaint. (ECF Nos. 26, 30.) Plaintiffs

consented to Defendant's second requested extension and this court ordered Defendant to respond to the Complaint on or before May 26, 2025.  (ECF No. 31.)  On June 2, Defendant filed a Motion to Dismiss (ECF No. 33) with a Motion for Extension of Time seeking to extend its deadline from May 26 to June 2 (ECF No. 34).  On June 4, this court granted the Motion for Extension of Time and, in view of Defendant's late filing of same, granted Plaintiffs an additional week to respond to the Motion to Dismiss.  (ECF No. 37.)  Plaintiffs now move for reconsideration of this court's June 4 Order, to strike Defendant's Motion to Dismiss (ECF No. 43), and to extend their deadline to respond to the Motion to Dismiss (ECF No. 48).

    A. **Motion for Reconsideration**

Under Rule 54(b), orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).  Motions for reconsideration of an interlocutory order are "not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rule 60(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).  This court looks to the standards for relief from final orders under Rule 60(b) for guidance in considering Rule 54(b) motions. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)).

Rule 60(b) allows relief from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

2

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). When a motion to reconsider "raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001).

Plaintiffs aver that Defendant's motion for extension of time was improper and that Defendant was required, instead, to file a motion *nunc pro tunc* and to allege emergency or computer system failures therein. (ECF No. 43 at p. 4.) Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may, for good cause, grant motions for extension of time "made after the time has expired if the party failed to act because of excusable neglect." Accordingly, pursuant to the Federal Rules, the dilatory motion for extension of time was not procedurally improper. As for excusable neglect,

> "[t]he Supreme Court has defined 'neglect' as encompassing 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Arevalo v. Koski*, No. CIV. WDQ-13-3735, 2014 WL 2085352, at *2 (D. Md. May 15, 2014) (quoting *Pioneer Inv. Servs. v. Brunswich Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "The Supreme Court has defined 'excusable' as 'at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission.'" *Id*. (quoting *Pioneer*, 507 U.S. at 395). "The relevant circumstances include the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay...and whether the movant acted in good faith." *Id*. (internal quotation omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

*Shields v. Verizon Md., LLC*, 23-cv-02932-JMC, 2024 WL 1050996, at *3 (D. Md. Mar. 11, 2024).

Here, Defendant requested an extension of only seven days. *See MELO FORCHU v. USRP I LLC*, No. DKC 24-2650, 2025 WL 1707270, at *3 (D. Md. June 18, 2025) (finding a fourteen-day delay while "not *de minimus*, [] is shorter than the delays in other cases where excusable neglect was found."). In their reply in support of the Motion, Plaintiffs argue they will be prejudiced by "hav[ing] to respond to a motion to dismiss twice, as well as a significant delay in the case which should be moving forward to an Answer and then discovery." (ECF No. 47 at p. 1.) Yet Plaintiffs now move to extend their own deadline to respond to the Motion to Dismiss by two months. (ECF No. 48.) Plaintiffs repeatedly, and incorrectly, assert that Defendant's requested extension should have been denied, as Defendant did not allege emergency or computer failure as the basis for his requested extension. Plaintiffs, however, do not assert that Defendant moved for extension in bad faith. Thus, while the court does not encourage late requests for extension, especially those made for reason of "competing demands," the court is not persuaded to reconsider its order at ECF No. 37.

### B. Motion to Strike

In the Motion, Plaintiffs argue the appropriate sanction for Defendant's untimely filing is to strike the Motion to Dismiss at ECF No. 33. For the reasons set forth above, because the court will not reconsider its order extending Defendant's deadline to respond to the Complaint, Defendant's Motion to Dismiss is not untimely, and the Motion to Strike will be denied. Even had Defendant filed his Motion to Dismiss unattended by a motion to extend the filing deadline, the court would be inclined to deny the Motion to Strike.

"It is within the Court's discretion to consider an untimely pleading for failing to abide by the Local Rules' briefing schedule." *Shields v. Verizon Maryland, LLC*, No. 1:23-CV-02932-JMC, 2024 WL 1050996, at *3 (D. Md. Mar. 11, 2024), *appeal dismissed*, No. 24-1317, 2024 WL

4531487 (4th Cir. May 17, 2024). *See Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*, No. CIV.A. PJM-11-1398, 2013 WL 2299725, at *5 (D. Md. May 24, 2013) ("Since Local Rule 105.2 does not provide the consequence for a failure to meet the prescribed deadline, it is within the discretion of the court to consider a late submission untimely and strike it from the record."); *Parker v. Goldman Sachs Mortg. Co. Ltd. P'ship*, 596 F. Supp. 3d 559, 568 n.5 (D. Md. 2022) (same).

Defendant's asserted reason for delay – "competing demands of the participating federal agencies" – is not particularly compelling. Nevertheless, in view of the short period of delay and the Fourth Circuit's emphasis on deciding cases on their merits rather than technicalities, this court would exercise its discretion to deny the Motion to Strike. *See Trs. of Sheet Metal Workers' Loc. Union No. 5 & Iron Workers Emps. Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC*, No. GJH-17-3286, 2019 WL 1128518, at *1 (D. Md. Mar. 8, 2019) ("The Fourth Circuit 'has a strong policy that cases be decided on their merits.'") (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)); *Shields*, 2024 WL 1050996, at *3 (denying motion to strike opposition filed six days late).

C. **Plaintiff's Motion for Extension of Time**

On June 20, Plaintiffs moved to extend their deadline to respond to the Motion to Dismiss until August 22, 2025. (ECF No. 48.) While Defendant's position regarding this request was not reflected in the motion or elsewhere on the docket, the court will grant the request for good cause shown. The parties are cautioned, however, that no further extensions will be granted absent unforeseen extraordinary circumstances.

Therefore, it is this 24th day of June 2025:

**ORDERED** that Plaintiffs' Motion for Reconsideration and to Strike Defendant's Motion to Dismiss (ECF No. 43) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that Plaintiffs' Motion for Extension of Time (ECF No. 48) shall be, and is hereby, **GRANTED**. Plaintiffs shall respond to the Motion to Dismiss (ECF No. 33) no later than August 22, 2025.

                                                    ___/S/_____
                                                    Julie R. Rubin
                                                    United States District Judge